UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | 2:15-cr-00063-DBH |
| | ) | |
| JAMES WINBRONE, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON MOTION
FOR EXTENSION OF TIME TO FILE 28 U.S.C. § 2255
AND MOTION FOR DISCOVERY**

Defendant James Winbrone requests "full discovery and 2255 package," and he also seeks an enlargement of time within which to file a motion pursuant to 28 U.S.C. § 2255. (Motion, ECF No. 109 at 1-2.) Defendant has not filed a section 2255 motion. As explained below, the motions are dismissed without prejudice.

**DISCUSSION**

**A. Motion for Extension of Time**

While the First Circuit apparently has not addressed the issue of whether the Court has jurisdiction to grant a motion to enlarge the time to file a habeas petition when no petition has been filed, the Second Circuit has addressed the issue in the context of a motion to enlarge the time to file a petition under 28 U.S.C. § 2255. *See Green v. United States*, 260 F.3d 78, 82-83 (2d Cir. 2001). In *Green*, the Court determined that "a district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period."

*Id.* The Court reasoned, "[p]rior to an actual filing [of a section 2255 motion], 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.'" *Id.* at 82 (quoting *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000)). Other courts have reached a similar conclusion. *See United States v. Asakevich*, 810 F.3d 418 (6th Cir. 2016) (collecting cases); *Swichkow v. United States*, 565 F. App'x 840, 844 (11th Cir. 2014); *United States v. Gonzalez*, No. 05-137-06, 2010 WL 2365666, at *1, 2010 U.S. Dist. Lexis 65952, at 1-3 (D. R.I. June 8, 2010); *United States v. Miller*, No. 06-CR-20080, 2008 WL 4541418, at *1-2, 2008 U.S. Dist. Lexis 80552, at *1-4 (C.D. Ill. Oct. 9, 2008). *But see United States v. Thomas*, 713 F.3d 165, 169 (3d Cir. 2013) (disagreeing with the Second Circuit's holding in *Leon*).

The reasoning of the Second Circuit is sound. That is, absent the filing of a habeas petition, or the inclusion of grounds for substantive habeas relief in the motion to enlarge the time to file the petition, there is no substantive claim pending and thus the Court is without jurisdiction to grant the moving party an enlargement of time to file a section 2255 petition. *See Green*, 260 F.3d at 81-83. Here, Defendant maintains that circumstances at the facility have interfered with his ability to file a petition. Defendant, however, has not alleged a substantive basis for habeas relief pursuant to 28 U.S.C. § 2255. Because Defendant has not asserted a substantive claim for relief under 28 U.S.C. § 2255, no case or controversy is pending before the Court. Accordingly, the Court lacks jurisdiction to consider the motion.

B. **Motion for Discovery**

Because Defendant has not filed a section 2255 motion, there is no pending matter for which Defendant could request discovery. Defendant, therefore, is not entitled to the discovery he requests. If the Defendant were to file a section 2255 motion, any discovery request would be governed by Rule 6 of the Rules Governing Section 2255 Proceedings.

## CONCLUSION

Based on the foregoing analysis, Defendant's motion for enlargement of time to file a habeas petition and Defendant's motion for discovery are dismissed without prejudice. The Clerk is directed to send Defendant a form 28 U.S.C. § 2255 motion.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72 and Federal Rule of Criminal Procedure 59.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 19th day of July, 2018.